DANIELLE JANIA, a Minor, By and Through Her Mother, Michelle Canales, *et al.*, Plaintiffs-Appellants, v. JOEL AGUILERA, JR., *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—96—3453

Opinion filed December 16, 1997.

Martin J. Healy, Jr., & Associates, of Chicago (Daniel B. Malone, of counsel), for appellants.

Marilyn F. Johnson, of Board of Education, of Chicago (William A. Morgan, of counsel), for appellees.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

Plaintiffs Danielle Jania and Annette Oszczepinski brought this personal injury action against defendants, the Chicago Board of Education (the Board), Joel Aguilera, Jr., and Louis Shannon to recover damages for injuries plaintiffs sustained when they were hit by a driver's education car driven by Aguilera. The trial court granted summary judgment in favor of the Board, the owner of the car, and Shannon, the driver's education teacher, on the basis that the action against these defendants was barred by section 3—108(a) of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/3—108(a) (West 1994)). We reverse and remand.

On March 24, 1994, Aguilera was driving the driver's education car and Shannon was seated in the front passenger seat. Shannon was employed by the Board and taught a driver's education course at Prosser High School. The car was equipped with "dual control brakes," meaning that there is a brake pedal on the passenger side for the instructor to use. Shannon checked the passenger side brake prior to going out on the road with Aguilera and determined that the brake was working properly.

As they traveled east on Belmont Avenue toward the intersection of Belmont and Long Avenues, two pedestrians, the plaintiffs, stepped off the curb on the southwest corner and began crossing the street. While Shannon claims that plaintiffs crossed against the red light, an independent witness testified that it was defendants who had the red light. Shannon claims that he reminded Aguilera about "smooth braking" and he saw Aguilera apply the brakes. Shannon also pressed down on the instructor side brake and grabbed the steering wheel. The brakes did not respond and the car struck and injured plaintiffs. After the accident, the car did not have any braking problems.

Plaintiffs brought suit against Aguilera, the Board and Shannon, alleging that defendants negligently: (a) operated, maintained and controlled the car at a speed greater than was reasonable; (b) failed

to stop in compliance with traffic control signals; (c) failed to keep a proper lookout; and (d) owned, operated, maintained and controlled the car without adequate brakes. Plaintiffs also alleged that Shannon negligently failed to instruct and supervise Aguilera on the safe operation of the car.

■ The Board and Shannon filed a motion for summary judgment alleging that plaintiffs' claims against them were barred by section 3—108 of the Tort Immunity Act, which provides that "neither a local public entity nor a public employee is liable for an injury caused by a failure to supervise an activity on or the use of any public property." 745 ILCS 10/3—108(a) (West 1994). The trial court granted summary judgment in favor of the Board and Shannon, finding that since Shannon was not driving the car at the time of the accident, any negligence plaintiffs attribute to Shannon arose from his supervision of Aguilera and was therefore immunized under section 3—108 of the Tort Immunity Act. The claims against Aguilera remain pending and are not at issue in this appeal.

■ Summary judgment is appropriate where the defendant owed no duty to the plaintiff (*Wojdyla v. City of Park Ridge*, 148 Ill. 2d 417, 592 N.E.2d 1098 (1992)) or is immunized against liability by the provisions of the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/1—101 through 9—107 (West 1994)). *Barnett v. Zion Park District*, 171 Ill. 2d 378, 665 N.E.2d 808 (1996).

■ Plaintiffs concede that summary judgment was properly granted as to their allegation that Shannon negligently failed to instruct and supervise the student on the safe operation of the car. Plaintiffs also concede their claim that defendants negligently maintained the brakes. However, plaintiffs assert that summary judgment was improperly granted on their allegations that Shannon negligently operated and controlled the vehicle at a speed greater than was reasonable, failed to stop in compliance with traffic control signals, and failed to keep a proper lookout. Plaintiffs contend that defendants are not immunized from these claims since the claims are based not on Shannon's negligent supervision of the student's driving, but on Shannon's personal failure as co-driver of the car to prevent it from crashing into plaintiffs.

We are not persuaded by plaintiffs' argument that Shannon's duty to plaintiffs arose by virtue of Shannon being a co-driver of the car. Nor are we persuaded by defendants' claim that because Shannon was not the driver of the car, he owed no duty to plaintiffs. As defendants point out in their brief, there are circumstances in which a passenger in a vehicle owes a duty to a third person. A passenger in a car has a duty to keep a proper lookout or control the driver if

the passenger knows or should know that such actions are essential to his or her safety. *Bauer v. Johnson*, 79 Ill. 2d 324, 403 N.E.2d 237 (1980); *Seeger v. Canale*, 241 Ill. App. 3d 177, 607 N.E.2d 687 (1993).

We find that Shannon, as a passenger of a vehicle equipped with a dual control brake, owed a duty to plaintiffs that was independent of Shannon's duty as a driving instructor. When Shannon saw that an accident was imminent, Shannon had a duty to use reasonably available means to prevent the vehicle from hitting plaintiffs. In this case, the means available to Shannon involved the use of the passenger side brake. A passenger side brake serves two purposes. One such purpose is to instruct the student driver in operating the vehicle. Any actions by Shannon in using the passenger side brake to instruct the student driver are clearly immunized by section 3—108 of the Tort Immunity Act. However, the more critical purpose served by the passenger side brake is to allow the passenger to use the brake to stop the vehicle in order to avoid an accident. Certainly when a passenger is in a vehicle with an inexperienced driver, and the vehicle is equipped with a passenger side brake, it is foreseeable that the passenger may need to use his brake in order to avoid an accident. To place such a duty upon a passenger in a car equipped with a passenger side brake benefits the public significantly more than it burdens the passenger.

In the instant case, when it became apparent to Shannon that an accident was imminent unless the vehicle was stopped, Shannon had a duty to use whatever means were reasonably available, such as using the passenger side brake to avoid the accident. See *Greenway v. Craft*, 258 Md. 1, 264 A.2d 818 (1970) (where driving instructor fails to take proper precautions, he may be liable for injuries to a third person). Shannon's actions in using the brake for this purpose are not immunized by section 3—108, since these actions do not concern instructing or supervising the student driver. We thus conclude that the trial court improperly granted summary judgment in defendants' favor since a genuine issue of material fact exists as to whether Shannon breached his duty to use the means uniquely available to him, the passenger side brake, to avoid the accident. We, therefore, reverse and remand for further proceedings consistent with the conclusions set forth herein.

Reversed and remanded.

RAKOWSKI and TULLY, JJ., concur.